Roberto DIAZ a/k/a Robert Diaz and Roberto A. Diaz, individually, as a member of Den–Mex Limited Liability Company, a Colorado limited liability company, and derivatively, on behalf of Den–Mex Limited Liability Company; Sara Diaz a/k/a Sara F. Diaz, individually, as a member of Den–Mex Limited Liability Company, and derivatively, on behalf of Den–Mex Limited Liability Company; and Copa Cabana Night Club Corporation, a Colorado Corporation, Plaintiffs–Appellants,

v.

Manuel FERNANDEZ a/k/a Manuel I. Fernandez, individually, as a manager of Den–Mex Limited Liability Company, and d/b/a Mammoth Gardens, Mammoth Events Center, and Latino U.S.A.; Magaly Fernandez, individually, as a manager of Den–Mex Limited Liability Company, and d/b/a Mammoth Gardens, Mammoth Events Center, and Latino U.S.A.; and Den–Mex Limited Liability Company, a Colorado limited liability company; Mammoth Events, Inc., a Colorado corporation, Defendants–Appellees.

No. 94CA1719.

Colorado Court of Appeals,
Div. III.

Dec. 7, 1995.

John P. Tracy, Boulder, for Plaintiffs–Appellants.

Mosley, Wells & McClain, LLC, Neil L. McClain, Michael P. Matthews, Regina T. Drexler, Denver, for Defendants–Appellees.

Opinion by Judge RULAND.

Pursuant to C.A.R. 1(a)(4), plaintiffs, Roberto and Sara Diaz, appeal from an order denying their motion for appointment of a receiver for defendant, Den–Mex Limited Liability Company (Den–Mex). We reverse and remand for further proceedings.

Plaintiffs hold a 49% interest in Den–Mex, a company which operates an FCC licensed radio station. Defendants, Manuel and Magaly Fernandez, hold a 51% interest in Den–Mex and act as the company's managers.

Plaintiffs filed a verified complaint against defendants alleging that the company's assets were being dissipated by mismanagement and fraudulent conduct on the part of defendants. In addition to claims for damages, plaintiffs' complaint requested an accounting, an injunction, and the appointment of a receiver for the company. Plaintiffs also filed a pre-trial motion for appointment of a receiver, and defendants responded to oppose the request.

Based upon written submissions and affidavits filed by the parties, the trial court denied plaintiffs' motion. As grounds for its order, the trial court noted that plaintiffs had not petitioned for the dissolution of the company and concluded that there was no compelling evidence of the company's insolvency resulting from fraud.

Plaintiffs contend that the trial court abused its discretion by denying their request for an evidentiary hearing relative to the motion. We conclude that the court applied an incorrect legal standard in its ruling and that plaintiffs established their entitlement to an evidentiary hearing.

As pertinent here, C.R.C.P. 66(a)(1) provides for the appointment of a receiver when the moving party establishes:

> a prima facie right to the property, or to an interest therein, which is the subject of the action and is in possession of an adverse party and such property, or its . . . profits are in danger of being lost . . . or materially injured or impaired.

■ Although plaintiffs did not request dissolution of Den–Mex in their complaint, we note that the Colorado Limited Liability Company Act, § 7–80–101, et seq., C.R.S. (1995 Cum.Supp.) grants a member of a limited liability company a personal property interest in the company. Section 7–80–702(1), C.R.S. (1995 Cum.Supp.). And, defendants do not dispute plaintiffs' ownership status under the Act. Therefore, based upon the express language of the rule, appointment of a receiver is authorized under appropriate circumstances without a pending request for dissolution of the company.

■ With reference to the issue whether plaintiffs are entitled to an evidentiary hear-

ing, we view *Savageau v. Savageau,* 132 Colo. 75, 285 P.2d 810 (1955) as instructive. In that case and consistent with the express language of C.R.C.P. 66(a)(1), the court held that appointment of a receiver was not appropriate merely to protect the rights of disgruntled stockholders in a corporation but that such an appointment would be proper:

> [w]here active fraud and deceit appear, where the corporation is insolvent, or for some reason or other it has ceased to carry on its authorized functions, and because thereof its property and assets are in danger of being dissipated or lost. . . .

*Savageau v. Savageau,* 132 Colo. at 82, 285 P.2d at 813.

Hence, given the express language of the rule and the criteria stated in *Savageau,* we conclude that it need not appear from the movant's request for appointment of a receiver that any imminent insolvency result only from fraud.

Here, the affidavits of the parties are in conflict whether plaintiffs, defendants, or both are in default as to payments due under an operating agreement to fund working capital requirements. There are also significant conflicts in the affidavits relative to the business knowledge and conduct of defendants in the operation of the radio station as well as whether either plaintiffs' other independent business or defendants' other independent businesses were to receive free advertising and under what circumstances.

However, plaintiffs filed an affidavit from a certified public accountant in support of their request which states that certain examinations were made of the company's books and records in conjunction with an independent audit to be paid for by plaintiffs. In addition to noting various deficiencies in the company's books, records, method of accounting, and management's disclosures, the affidavit states that the company is insolvent or in danger of insolvency because, among other things, there is a "significant working capital deficit." Further, the auditor states that plaintiffs are not in default as to their contributions.

In addition, the affidavit states that federal payroll taxes, Colorado withholding taxes,

Colorado unemployment taxes and amounts due garnishors from employee wages have not been paid during relevant periods. The affidavit also states that: "employees, third party service providers and even the Lessor/Licensee ... [of the radio station] are repeatedly paid with checks from accounts lacking sufficient funds...." Finally, the affidavit states that the auditor "observed significant and unusual related party transactions not in the ordinary course of company business" which are then specified.

Under these circumstances, we conclude that, with reference to their insolvency claim, if not their fraud claim as well, plaintiffs have established their entitlement to an evidentiary hearing relative to the appointment of a receiver under the criteria contained in C.R.C.P. 66(a)(1) as discussed in *Savageau v. Savageau, supra.*

By reason of our resolution of this issue, we need not address plaintiffs' other challenges to the court's order.

Accordingly, the order is reversed and the cause is remanded for further proceedings consistent with the views expressed in this opinion.

JONES and BRIGGS, JJ., concur.